**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SAINT LOUIS DIVISION**

| | |
|---|---|
| LAMAR CODY, | CIVIL COMPLAINT |
|       Plaintiff, | |
| v. | CASE NO. 4:20-cv-00401 |
| USI SOLUTIONS, INC., | |
|       Defendant. | DEMAND FOR JURY TRIAL |

**<u>COMPLAINT</u>**

NOW comes LAMAR CODY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of USI SOLUTIONS, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri and a portion of the events that gave rise to this action occurred within the Eastern District of Missouri.

**PARTIES**

4.    Plaintiff is a consumer over 18 years-of-age residing in Saint Louis, Missouri, which is the Eastern District of Missouri.                    within

5.    Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.    Defendant promotes itself as "a creditor's rights firm that specializes in debt collection."[1] Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business located at 925 Canal Street, Building 1, Bristol, Pennsylvania 19007. Defendant regularly collects from consumers in the State of Missouri.

7.    Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.    Several years ago, Plaintiff purchased an automobile, which he financed through Well Fargo Bank ("Wells Fargo").

10.   Plaintiff was making timely payments to Wells Fargo until he fell into unforeseeable financial difficulties.

11.   As a result of this financial hardship, Plaintiff defaulted on his monthly payments to Wells Fargo, and eventually, the automobile was repossessed and sold at auction.

12.   Despite the fact that the automobile was sold, there remained a deficiency balance of roughly $3,000.00 ("subject debt").

---

[1] http://unitrustsolutionsinc.com/

13.   After the subject debt was in default, Defendant acquired the right to collect or attempt to collect on the subject debt.

14.   Around January 2020, Defendant began its collection campaign by telephonically contacting Plaintiff's cellular phone number, (314) XXX-3917.

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3917.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

16.   Upon information and belief, when Defendant began contacting Plaintiff, the statute of limitations had elapsed for Plaintiff to be sued for the subject debt.

17.   Upon speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

18.   During conversations with Defendant, Defendant's representatives intentionally failed to disclose to Plaintiff, that any payment on the subject debt, or any promise to make payment on the subject debt, would revive the statute of limitations.

19.   Based on Defendant's deceptive failure to disclose Plaintiff's legal rights, Plaintiff was coerced into agreeing to a reduced payment to address the subject debt.

20.   Consequently, Plaintiff provided Defendant with his routing number and authorized Defendant to withdraw $1,500.00 from his bank account on January 31, 2020.

21.   The next day, Plaintiff conducted an independent online search and realized the subject debt was time-barred, meaning that Defendant could not sue him for the subject debt.

22.   Accordingly, Plaintiff immediately contacted his bank and advised it to stop payment with regard to any debit transfer to Defendant.

23.   After the scheduled payment did not go through, Defendant began to bombard Plaintiff with harassing collection calls to his cellular phone.

24.   Due to the frequency and consistency of Defendant's phone calls, Plaintiff demanded that Defendant cease contacting him.

25.   Rather than adhere to Plaintiff's demand, Defendant's agent indicated that in spite of Plaintiff's wishes, the calls would continue.

26.   Additionally, Defendant's agent stated that if Plaintiff did not satisfy the subject debt then Defendant would file a lawsuit against him.

27.   In blatant defiance of Plaintiff's demands that Defendant cease contacting him, as well as Plaintiff's legal rights, Defendant continued to place harassing collection calls to Plaintiff's cellular phone.

28.   Plaintiff has received not less than 36 phone calls from Defendant since asking it to stop calling.

29.   Defendant has even placed multiple calls to Plaintiff's cellular phone during the same day, often mere minutes apart.

30.   For instance, on February 6, 2020, Defendant placed not less than seven (7) calls to Plaintiff's cellular phone.

31.   Upon answering Defendant's phone calls, Plaintiff has experienced a noticeable pause, and often has had to say "hello" several times before he is connected with a live representative.

32.   Defendant has called Plaintiff's cellular phone mainly using the phone number, (877) 201-0618, but upon belief, Defendant has used other phone numbers as well.

33.   Upon information and belief, Defendant regularly uses the aforementioned phone number ending in -0618 in its debt collection activities.

34.   Moreover, throughout Defendant's collection campaign, Defendant failed to send Plaintiff any written correspondence notifying him of his rights pursuant to 15 U.S.C. §1692g.

35.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in exhausting time and resources.

36.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

37.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, diminished space for data storage on his cellular phone, and payments made to Defendant as a result of its harassing collection campaign.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

40. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

41. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, and association of debt collectors, since 2014.[2]

---

[2] https://www.acainternational.org/search#memberdirectory

42. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

43. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

44. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff over three dozen times after he demanded that it stop calling, and also bombarded Plaintiff's cellular phone with multiple calls during the same day. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

45. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of the FDCPA § 1692e

46. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

48. Defendant violated 15 U.S.C. §§1692e, e(5) and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. On at least one occasion, Defendant threatened to initiate a lawsuit against Plaintiff to collect upon the subject debt without the intent to follow through. Defendant's lack of intent to pursue litigation against Plaintiff can be gauged by the fact that it continued to attempt to collect from Plaintiff even after it threatened to sue him.

49. Defendant further violated §§1692e, e(2)(A) and e(10) through its blatant failure to advise Plaintiff that the statute of limitations period had elapsed on the subject debt. Rather than following the law, Defendant harassed Plaintiff into submission, coercing him to agree to a payment, which ultimately revived the statute of limitations. The omission is deceptive because it is designed to revive the statute of limitations on a debt that cannot be legally enforced. Defendant attempted to lure Plaintiff into a trap whereby he would pay towards a time-barred debt in exchange for a renewed statute of limitations period.

### c. Violations of FDCPA § 1692f

50. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

51. Defendant violated § 1692f when it attempted to revive the statute of limitations by failing to disclose that it cannot sue on the subject debt, and attempting to induce Plaintiff into making a payment on the subject debt or acknowledging the subject debt.

52. Defendant further violated § 1692f when it unfairly and unconscionably attempted to collect upon a time-barred debt, especially after Plaintiff demanded that it to contacting him.

Attempting to coerce Plaintiff into payment by using threatening conduct after being notified to stop calling is unfair and unconscionable behavior.   These means employed by Defendant only served to worry and confuse Plaintiff.

### d. Violations of FDCPA § 1692g

53. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

54. Defendants violated § 1692g(a) by failing to provide the written information required within five days after the initial communication with Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines his rights under § 1692g.

55. As pled in paragraphs 34 through 37, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LAMAR CODY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

56.  Plaintiff repeats and realleges paragraphs 1 through 55 as though fully set forth herein.

57.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

58.  Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls, as well as the fact that Plaintiff had to repeatedly state "hello" before he was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's onslaught of phone calls after Plaintiff demanded that the communications stop, indicate that the telephone system employed by Defendant has the capacity to randomly dial numbers. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

59.   Defendant violated the TCPA by placing at least 36 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff may have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting him.

60. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

61.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LAMAR CODY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 16, 2020                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)

(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com